## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| ANTOINE JONES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 09-277 (RJL) |
| | ) | |
| MARIA DELANEY et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

### MEMORANDUM OPINION

Plaintiff Antoine Jones, a prisoner serving a life sentence after a jury conviction on

federal drug trafficking charges, who is proceeding in this action *in forma pauperis*, has filed a

*pro se* complaint under 42 U.S.C. § 1983, alleging that several defendants have violated his

constitutional rights and seeking $25 million in damages.  Upon the Court's review pursuant to

28 U.S.C. § 1915A, the Court will dismiss the complaint for failure to state a claim upon which

relief may be granted and — with respect to some defendants — because it seeks damages

against defendants who are immune from such relief.

### BACKGROUND

The complaint is concerned primarily with a search of the plaintiff's District of Columbia

night club and the ensuing, but futile, efforts to revive the club as a going business after the raid.

The complaint asserts a

> civil claim against the District of Columbia ABRA [presumably the Alcoholic
> Beverage Regulation Administration, an executive agency of the District of
> Columbia government], U.S. Department of Justice, F.B.I., D.C. Metropolitan
> Police Department, U.S. Marshal Service, and the following individuals:  Maria
> Delaney, ABRA; Norma Horne, DC MPD; Kelli O'Brien, FBI; Renalda Shaw,
> FBI; Rachel Lieber, AUSA; John Giese, AUSA; and unnamed U.S. Marshals for

> damages in the amount of $25,000,000 for sabotaging and destroying plaintiff's business, Levels Entertainment, and for the violation of plaintiff's constitutional rights by government officials acting in their official capacity under color of law pursuant to 42 U.S.C. § 1983."

Compl. at 1 (spelling and punctuation corrected).  The caption of the complaint identifies an overlapping, but not identical, set of defendants:  "Maria Delaney, ABRA; Norma Horne, MPD; Kelli O'Brien, FBI; Renalda Shaw, FBI; Harold Holden; Skip Kriss, The Richmond Corporation; Rachel Lieber, AUSA; John Giese, AUSA; and U.S. Marshals Service."  *Id.* (punctuation added).  As relief, the complaint demands $25,000,000 from "the ABRA, D.C. MPD, U.S. Marshal Service, U.S. Department of Justice, the F.B.I. and others named in this action for their unlawful actions; to be divided by all who the courts and the jury finds liable in their individual capacity and their employers for sabotaging and destroying" plaintiff's club.  *Id.* at 6 (punctuation added).

For specifics, the complaint alleges that the law-enforcement agents who carried out the search inflicted unnecessary damage on the property.  *Id.* at 2.  It also alleges that ABRA and its director Delaney seized the club's liquor license without cause and without a required probable cause hearing.  *Id.* at 2-3, 5.  Further, it alleges that Delaney, and the F.B.I., MPD, and "the AUSAs named herein blocked every effort" to reacquire a liquor license.  *Id.* at 5.  Without providing specific facts, it alleges that Delaney defamed plaintiff's club.  *Id.* at 3.  It alleges that Holden, an employee of the club who was cooperating with the law-enforcement authorities, stole club property, and that the MPD "watch[ed] and allow[ed]" this and did not arrest Holden.  *Id.* at 4.  It alleges that the "property manager" of the club's premises, Skip Kriss, and the presumed landlord, the Richmond Corporation, working through the United States Marshal Service, did not provide proper notice of eviction.  *Id.* at 5.

DISCUSSION

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a court to dismiss a complaint if it fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests," and "detailed factual allegations" are not necessary; however, to state a claim upon which relief may be granted a plaintiff must furnish "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks and citations omitted); *see also Papasan v. Allain*, 478 U.S. 265, 286 (1986). In determining whether a complaint fails to state a claim upon which relief may be granted, the Court "must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007); *see also Twombly*, 550 U.S. at 555. The complaint "is construed liberally in the plaintiffs' favor, and [the Court should] grant plaintiffs the benefit of all inferences that can be derived from the facts alleged." *Kowal v. MCI Communications Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994). Nevertheless, the Court need not accept inferences drawn by the plaintiff if those inferences are unsupported by facts alleged in the complaint; nor must the Court accept plaintiff's legal conclusions. *Kowal*, 16 F.3d at 1276; *see also Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002).

Plaintiff pleads under 42 U.S.C. § 1983, which provides a right of action for deprivation of civil rights. In pertinent part, it provides that

[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or . . . the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. To state a claim under § 1983 for a violation of one's constitutional protections, a complaint must allege facts sufficient to support a reasonable inference that (1) a person (2) acting under color of state, territorial, or District of Columbia law (3) subjected the plaintiff or caused the plaintiff to be subjected (4) to the deprivation of a right secured by the Constitution or laws of the United States. *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 829 (1985).

Plaintiff's cause of action under § 1983 cannot be maintained against the United States or its officers because "[s]ection 1983 does not apply to federal officials acting under color of federal law." *Settles v. United States Parole Comm'n*, 429 F.3d 1098, 1104 (D.C. Cir. 2005); *see also District of Columbia v. Carter*, 409 U.S. 418, 425 (1973) (stating that "actions of the Federal Government and its officers are at least facially exempt" from the proscriptions of § 1983). Accordingly, the § 1983 claims will be dismissed for failure to state a claim upon which relief may be granted. Liberally construing plaintiff's constitutional tort claims as something other than § 1983 claims would be futile. "The United States, as sovereign, is immune from suit save as it consents to be sued . . . ." *United States v. Sherwood*, 312 U.S. 584, 586-87 (1941). Congress has not waived the federal government's sovereign immunity with respect to constitutional torts, and therefore the United States is immune from a damages suit for a constitutional tort. *See F.D.I.C. v. Meyer*, 510 U.S. 471 (1994) (holding that the United States

-4-

may not be sued under the Federal Tort Claims Act for a constitutional tort and that federal

agencies may not be sued under *Bivens v. Six Unknown Agents of Fed. Bureau of Narcotics*, 403

U.S. 388 (1971)). Thus, the complaint fails to state a claim against the United States Department

of Justice, the Federal Bureau of Investigation, and the United States Marshal Service and any of

its agents sued in his or her official capacity, and these defendants will be dismissed from the

case because they are immune from suit. 28 U.S.C. § 1915A(b)(1), (2).

A federal agent may be sued in his or her individual capacity for a constitutional tort in a

so-called *Bivens* suit, and the caption of the complaint identifies federal agents Horne, O'Brien,

Shaw, Lieber, and Giese as defendants. However, the complaint contains no specific factual

allegations of conduct violative of the plaintiff's federal civil rights that could be directly traced

to any one of those individuals. Horne, O'Brien, and Shaw are not even mentioned in the

complaint. The two federal prosecutors, Lieber and Giese, are alleged only to have blocked

efforts to re-acquire the club's liquor license. Assuming, as the court must in this analysis, that

the prosecutors did block re-acquisition of the club's liquor license, and assuming that their

actions injured the plaintiff,[1] the allegations do not imply a violation of a federal civil right.

Therefore, the complaint fails to state a claim against any federal agent in his or her individual

capacity upon which such relief may be granted, and the individual capacity suits against the

federal agents will be dismissed, as well. 28 U.S.C. § 1915A(b)(1).

An agent of the District of Columbia, that is, a person acting under color of District of

Columbia law, may be sued under § 1983 for violating a citizen's federal civil rights. The

---

[1] It is not evident from the facts pleaded that the plaintiff has standing to bring a claim for damages on behalf of the club.

complaint says enough to allege that the MPD, ABRA, and Delaney are District actors for purposes of § 1983. The plaintiff's complaint, however, does not identify a federal civil rights violation attributable to the MPD.[2] The complaint alleges that the MPD did not arrest Holden, even though they had information sufficient to warrant Holden's arrest. The plaintiff has no constitutional or other federal right or guarantee that operates to require the MPD to arrest Holden, even if he were stealing the plaintiff's property, as alleged. *DeShaney v. Winnebago County Dep't of Soc. Servs.*, 489 US 189, 195-96 (1989) (holding that "nothing in the language of the Due Process Clause itself requires the State to protect the life, liberty, and property of its citizens against invasion by private actors"). Thus, the MPD's failure to arrest Holden for theft of plaintiff's property does not constitute a civil rights violation that may be redressed by an action brought under § 1983, and the claims against the MPD will be dismissed for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b)(1).

The complaint fails in the same way with respect to ABRA and Delaney. Very liberally construed, the complaint might be read to allege a constitutional due process violation with respect to these two defendants. Nonetheless, the allegation fails to state a claim for a violation of the plaintiff's federal civil rights because a liquor licensee in the District of Columbia has no

---

[2] In addition, the MPD cannot be sued in its own right, but only as an agency of the District of Columbia. While a municipality may be sued under § 1983 for civil rights violations, such a suit may be maintained only if the complaint includes factual allegations tending to show that the municipality was the driving force behind the civil rights violation, and not on a *respondeat superior* theory for the conduct of a wayward municipal employees. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691 (1978). The plaintiff's complaint contains no such factual allegations. Thus, even if this suit against the MPD were construed as one against the District of Columbia, the complaint would fail to state a claim upon which relief may be granted under § 1983. The same is true for ABRA, the other D.C. agency named as a defendant.

constitutionally protected property interest in the license, so the due process clause does not

apply.

> "To have a property interest in a benefit, a person clearly must have more than an
> abstract need or desire for it.  He must have more than a unilateral expectation of
> it.  He must, instead, have a legitimate claim of entitlement to it.  *Board of
> Regents v. Roth*, 408 U.S. 564, 577 (1972).  This means an entitlement [to the property] that stands or
> To the extent a request appeals to discretion rather than rules, there is no property. . . .  Viewed
> functionally, property is what is securely and durably yours under law, as distinct from what you
> hold subject to so many conditions as to make your interest meager, transitory, or uncertain."

*Bayview-Lofberg's, Inc. v. City of Milwaukee*, 905 F.2d 142, 145 (7th Cir. 1990) (quoting *Scott v.*

*Village of Kewaskum*, 786 F.2d 338, 339-340 (7th Cir. 1986)) (finding that because the granting

of the license involved considerable discretion, there was no constitutionally protected property

interest in a liquor license issued by the City of Milwaukee).

The D.C. statutes and regulations governing the issuance and revocation of liquor licenses

vest a great deal of discretion in the Alcohol Beverage Control Board.  *See* D.C. Code § 25-201

*et seq.*  For example, the Board evaluates applications for licenses, D.C. Code § 25-201(c)(2),

including evaluating whether an applicant is of good character and generally fit for the

responsibilities of licensure, § 25-301(a)(1), and whether the establishment where the liquor

license is to be used is appropriate for its environs, § 25-311 *et seq.*  The Board is authorized to

impose a moratorium on certain classes of licenses in certain areas, or to impose a limit on the

number.  D.C. Code § 25-351.  The Board also suspends or revokes licenses, D.C. Code § 25-

201(c)(7), and summary revocation without a hearing is specifically authorized whenever "the

Board determines, after investigation, that the operations of a licensee present imminent danger

to the health and safety of the public." D.C. Code § 25-826.[3] Because D.C. law does not vest either an applicant with an entitlement to acquire a license or a licensee with an entitlement to maintain a license, there is no constitutionally protected property interest in a D.C. liquor license. Therefore, the due process guarantee of the constitution does not apply to revocations of such a license or to its re-acquisition, the acts about which the complaint is concerned. Accordingly, the § 1983 claims against ABRA and Delaney will also be dismissed for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b)(1).

Holden, Kriss, and the Richmond Corporation are private citizens, and therefore, are not persons acting under color of state law. "[P]rivate citizens, acting in their private capacities, cannot be guilty of violating due process rights. The Fifth Amendment is a restraint on the federal government, not on private citizens." *Canadian Transport Co. v. U.S.*, 663 F.2d 1081, 1093 (D.C. Cir. 1980). As such, the complaint does not, and cannot, state a claim against any of them under § 1983, and the § 1983 claims against these three private citizens will be dismissed. 28 U.S.C. § 1915A(b)(1).

To the extent the plaintiff intends to assert violations of the common law or District of Columbia statutes, this Court declines to exercise supplemental jurisdiction over these claims, given that all of the claims over which the Court had original jurisdiction will be dismissed at the outset of this case. 28 U.S.C. § 1367(c) (authorizing a district court to decline to exercise supplemental jurisdiction over related state law claims if it has dismissed all the claims over

---

[3] The Board does not have unfettered discretion, of course. It is, for example, mandated to revoke a license where the licensee has knowingly permitted drug trafficking to occur in the establishment where the liquor license operates. D.C. Code § 25-822(2). *See also* D.C. Code § 25-335(2) (requiring the Board to deny a license to an applicant who knowingly allowed drug dealing to occur on the premises of an establishment with a liquor license).

which it had original jurisdiction); *see also Ceasar v. Rosstead*, 593 F. Supp. 2d 91, 93 (D.D.C. 2009).

        A separate order accompanies this memorandum opinion.

RICHARD LEON
United States District Judge

Dated:

4/20/09